UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TODD MCFARLANE, et al, and JOHN/JANE DOES A-Z,<br><br>        Plaintiffs,<br><br>v.<br><br>MILLARD COUNTY, Body Politic & Political Subdivision of the State of Utah; DEAN DRAPER, Millard County Commissioner; JAMES WITHERS, Millard County Commissioner; WAYNE JACKSON, Millard County Commissioner; ALAN ROPER, former Millard County Commissioner; BONNIE GEHRE, Millard County Auditor; and PATRICK FINLINSON, Millard County Attorney, individually, and in their official capacities and; JOHN/JANE DOES 1-10,<br><br>        Defendants. | **MEMORANDUM**<br><br>**DECISION**<br><br>2:17-CV-00599-DS<br><br>District Judge David Sam |

      Before the court is Mr. Macfarlane's Motion for Remand (Doc. No. 11) which he filed in response to Defendants' Notice of Removal (Doc. No. 2), arguing that the removal was untimely. Under 28 USC § 1446(b), the notice of removal must be filed within 30 days after the defendant is served. The Tenth Circuit has held that the 30-day period for filing a removal does not run until the defendant "is able to ascertain intelligently that the requisites of removability are present," and such notice must be clear and "unequivocal." *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir. 1979); *Akin v. Ashland Chem. Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998).

      Mr. Macfarlane filed the original complaint in the underlying state court action on January 2, 2017, and he advised Defendants in a Millard County Commission meeting on

January 3, 2017 that a lawsuit had been filed with the intention of amending the original complaint following the anticipated outcome of pending administrative appeals. Defendants were personally served with the original complaint in state court on May 2, 2017. Later that day, after all Defendants had been served, Mr. Macfarlane sent Millard County Attorney Pat Finlinson and UCIP-assigned Attorney Blake Hamilton an email with the Proposed Amended & Supplemented Complaint attached.

On May 17, 2017, following the administrative appeal hearing on May 16, 2017, Mr. Macfarlane filed the First Amended & Supplemented Complaint, which was similar to the Proposed Amended & Supplemented Complaint, but included additional factual allegations based on the outcome of the hearing. He sent a copy to Defendant's attorneys via email. The parties do not dispute that the First Amended Complaint satisfied the clear and unequivocal notice test in articulating Plaintiff's removable federal claims.

Defendants filed their Notice of Removal in this court on June 14, 2017. Mr. Macfarlane filed this Motion for Remand on June 30, 2017, arguing that Notice of Removal was untimely because the 30-day removal period had expired, based on the May 2, 2017 service of the original complaint.

As the Plaintiff noted, "The bottom line, critical question under 42 USC § 1446 is 'when was the first date that Defendants received clear and unequivocal notice of removable federal claims?'" Doc. No. 18 at 5. The 30-day clock does not begin to run until the plaintiff provides the defendant with "clear and unequivocal notice" that the suit is removable. *Paros Properties LLC v. Colorado Casualty Ins. Co.,* 835 F.3d 1265, 1269 (10th Cir. 2016) (quoting *Akin v. Ashland Chemical Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998).

In order to be subject to jurisdiction based upon federal question, and thus removable, a pleading must present a federal question "on the face of the plaintiff's properly pleaded complaint," otherwise known as the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). In determining whether removal was proper, "the court must limit its inquiry to whether [the] complaint presents a federal question." *Citimortgage, Inc. v. Herbert,* 2016 WL 3014664, *2, No. 2:16-cv-416 (D. Utah May 24, 2016) (quoting *Caterpillar,* 482 U.S. at 392). A federal question exists when "federal law creates the cause of action asserted." *Id.* (quoting *Gunn v. Milton,* 133 S.Ct. 1059, 1064 (2013)). Referencing sources of federal law in a complaint, but not in the cause of action section, does not satisfy the well-pleaded complaint rule and does not entitle the pleading to federal question jurisdiction. *See Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1025-26 (10th Cir. 2012).

Although Plaintiff's original Complaint's Declaratory Judgment cause of action uses words and phrases like "unconstitutional," and "fundamental Due Process," it is unclear which of the long list of state and federal laws referenced in the Legal Basis section are being invoked, especially since the Plaintiff asserted that he intended to amend to include other federal claims referenced in the section but never pled as a cause of action. It was not until Mr. Macfarlane amended his complaint to add claims clearly of a federal nature that the case was removable, and this occurred when he filed his Amended Complaint.

Mr. Macfarlane also argues that Defendants received notice when he emailed a copy of the Proposed Amended Complaint to attorneys Pat Finlinson and Blake Hamilton on May 2, 2017. The court is not persuaded. The court agrees with the reasoning of the New Mexico District Court in a similar situation in *Zamora v. Wells Fargo Home Mortgage,* 831 F.Supp.2d 1284 (D.N.M. 2011). In that case, the defendants removed the case based upon federal question

jurisdiction. *Id.* at 1298. In reviewing the removal, the court sua sponte found that it lacked subject matter jurisdiction over the removed case because the federal questions identified in the Notice of Removal were not found in the plaintiff's "live pleadings" but rather in a "proposed Supplemental Complaint." *Id.* The court explained that "[a] proposed pleading has no effect on the claims asserted in a case until the judge approves the pleading for filing." *Id.* "While a proposed pleading might inform a defendant that it will soon have a chance to remove once the state court approved the pleading for filing, a defendant cannot properly remove a case containing no claims over which a court has subject matter jurisdiction." *Id.*

In this case, the live pleading was Plaintiff's original Complaint, which did not clearly assert any federal question claims on its face. As in *Zamora,* the Proposed Amended Complaint at best notified Defendants that they would have an opportunity to remove if Plaintiff actually filed the document. Until the document was filed on May 17, 2017, the case was not removable.

This court finds that the Defendants received clear and unequivocal notice when the Amended Complaint was filed on May 17, 2017; therefore the Defendants' Notice of Removal was timely. For the above reasons and good cause appearing, Plaintiff(s)' Motion for Remand (Doc. No. 11) is hereby DENIED. So ordered.

DATED this 24th day of August, 2017.

BY THE COURT:

DAVID SAM
United States District Judge