# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TODD MCFARLANE, et al, and JOHN/JANE DOES A-Z,<br><br>        Plaintiffs,<br><br>v.<br><br>MILLARD COUNTY, Body Politic & Political Subdivision of the State of Utah; DEAN DRAPER, Millard County Commissioner; JAMES WITHERS, Millard County Commissioner; WAYNE JACKSON, Millard County Commissioner; ALAN ROPER, former Millard County Commissioner; BONNIE GEHRE, Millard County Auditor; and PATRICK FINLINSON, Millard County Attorney, individually, and in their official capacities and; JOHN/JANE DOES 1-10,<br><br>        Defendants. | **MEMORANDUM**<br><br>**DECISION**<br><br>2:17-CV-00599-DS<br><br>District Judge David Sam |

Before the court is Plaintiffs' Revised Motion for Leave to Further Amend Complaint to Conform to the Evidence. ECF No. 95. Plaintiffs assert that they are requesting leave to further amend the Complaint to conform to proffered, uncontested, and/or admitted evidence. For the following reasons, the court hereby denies the motion.

In its memorandum decision granting leave for Plaintiffs to file a Second Amended Complaint, this court observed that "Plaintiffs have established a pattern of inundating the Court with multiple, often unmeritorious, filings in unreasonably close succession. While this is unacceptable, Plaintiffs insist that allowing them to amend the Complaint one more time will help to clarify, focus, simplify, prioritize, and streamline the case, something that is much needed

in this case." ECF No. 46 at 2.  The court granted the motion, but Plaintiff's amendments did not serve their purported purpose of streamlining the case.  The court continues to be inundated with incessant filings by Plaintiffs; since the filing of the Second Amended Complaint, the docket has nearly doubled in size.  This is unacceptable.

In their request to again amend the Complaint, Plaintiffs cite to FRCP 15(a), which provides the following: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While this is true, there are a number of reasons for denying a motion to amend, including, "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *See Compton v. Rent-A-Center, Inc.,* 350 Fed. Appx. 216, 2009 WL 3353094 (10th Cir. 2009) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Several of these reasons to deny apply in this case.

Plaintiffs' motions are untimely.  In evaluating timeliness, the Tenth Circuit "focuses primarily on the *reasons* for the delay." *See Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205-06 (10th Cir. 2006) (emphasis added).  The court held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank v. U.S. West,* 3 F.3d 1357, 1365-66 (10th Cir. 1993).  The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend," *Hayes v. Whitman,* 264 F.3d 1017, 1026 (10th Cir. 2001), especially "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Nicholas & Co. v. Symetra Life Ins. Co.*, 2015 WL 12030092, at *6 n. 2 (D. Utah Nov. 4, 2015) (unpublished) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W.*

*Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). In addition, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter,* 451 F.3d at 1206. Plaintiffs have failed to give adequate reasons for the untimeliness of their proposed amendments because, contrary to Plaintiffs' assertions, the amendments in the Proposed Third Amended Complaint are not based on new evidence.

The proposed amendments are untimely. They are based on facts known to Plaintiffs when they last sought leave to amend, some even since the beginning of the case. *See* Defendants' Opposition brief, ECF No. 98 at 6-8. The proposed amendments, which are based on facts previously known to Plaintiffs, assert untimely legal theories in an effort to avoid dismissal. Even though Plaintiffs had previously amended their Complaint twice and filed two Motions for Partial Summary Judgment, the proposed Third Amended complaint is the first attempt at pleading a protected property interest. Plaintiffs had at least five separate opportunities to assert such an interest, yet failed to do so until Defendants pointed out the deficiency. Plaintiffs' proposed amendments relating to property interests are an untimely attempt at avoiding dismissal. *See Minter,* 451 F.3d at 1206.

The proposed amendments also demonstrate bad faith. They assert a property interest that Plaintiffs specifically disavowed in prior pleadings. A court may "infer bad faith if the proposed amendment directly contradicted the original complaint's allegations . . . ." *See Springfield Finance & Mortgage Co., LLC v. Lilley,* 2015 WL 12780894 (D. Utah Sept. 29, 2015) (unpublished). In Plaintiffs' reply memoranda in support of their two prior motions for partial summary judgment, they stated that Defendants "misapprehended" their position regarding a

protected property interest. Plaintiffs then offered the clarification that they "are by no means taking the position that they have any protected property interest in the outcome of Millard County procurement processes—even if Plaintiff(s) happened to be the only in-county applicant *and* the low bidder." ECF No. 61 at 4; ECF No. 70 at 33. Plaintiffs reaffirmed this position almost verbatim in their opposition to defendants' motion for judgment on the pleadings. *See* ECF No. 73 at 11.

Despite this explicit characterization of the allegations and claims in their Second Amended Complaint, Plaintiffs, in their third motion for partial summary judgment, state that they "hereby expressly disavow their previous position(s) to the contrary . . . , and hereby argue and assert that Plaintiff MacFarlane does in fact claim and possess a protected property interest in the mandated outcome of the CRMP contract award process . . . as well as in his appeal right(s) under MCPP Article 5." ECF No. 92 at 13. Plaintiffs' Proposed Third Amended Complaint alleges for the first time, and in contradiction to their Second Amended Complaint, that "Plaintiff MacFarlane possesses legitimate claims of entitlement, and corresponding property interests, in the mandatory outcome of the CRMP contract award process under non-discretionary MCPP procurement provisions, and in his right(s) of appeal under MCPP Article 5…." ECF No. 88-1 (Proposed Third Amended Complaint) at ¶ 84. Although the original complaint did not address a property interest, all subsequent pleadings that did address this issue specifically and unequivocally disavowed the position Plaintiffs now take of asserting a property interest in the contract award. Plaintiffs' proposed amendments thus directly contradict prior pleadings, creating an inference of bad faith.

Plaintiffs argue that no prejudice will result from their proposed amendments. This court finds, however, that allowing Plaintiffs to continue their pattern of filing deficient pleadings,

later withdrawing and refiling them, and then making additional filings in order to cure these deficiencies by any means, is unduly prejudicial.

For the above reasons, and good cause appearing, Plaintiffs' Revised Motion for Leave to Further Amend Complaint to Conform to the Evidence (ECF No. 95) is hereby DENIED. For the reasons addressed above, **it is further ordered that the Plaintiff cease filing any further pleadings in this case until all pending motions have been addressed by the court**.

SO ORDERED.

DATED this 4th day of January, 2018.

BY THE COURT:

_David Sam_

DAVID SAM
United States District Judge